# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

D'QUAILYNN GARMON,

        **Plaintiff,**

v.                                          Case No. 21-CV-277

MILWAUKEE COUNTY,
MILWAUKEE COUNTY SHERIFF OFFICE,
and ABRAHAM ABU DOKULY,

        **Defendants.**

## ORDER

Plaintiff D'Quailynn Garmon, who is incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. This order resolves Garmon's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.    Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Garmon was incarcerated when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He

must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On March 31, 2021, the court waived payment of the initial partial filing fee. (ECF No. 6.) The court will grant Garmon's motion for leave to proceed without prepayment of the filing fee and allow him to pay the full filing fee over time in the manner explained at the end of this order.

**2. Screening of the Complaint**

*2.1 Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*

v. *Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2    Garmon's Allegations*

Garmon alleges that on November 18, 2020, while he was confined in the mental health unit at the Milwaukee County Jail, he was attacked by another inmate, Abraham Abu Dukuly. (ECF No. 1 at 3.) Garmon was out of his cell for his allotted recreation time when Dukuly, completely naked, kicked open his cell door and began attacking Garmon. (*Id.*)

Garmon states that several unnamed correctional officers at the jail failed to prevent this attack. (ECF No. 1 at 3.) The officers also took a long time to respond to the attack. (*Id.*) After the attack, the officers continued to keep Garmon in the same pod as Dukuly and failed to put a "keep separate" order in place. (*Id.*) The officers

3

were aware of Dukuly's aggressive tendencies and knew he had attacked staff previously. (*Id.*)

*2.3 Analysis*

Garmon appears to be attempting to state a failure to protect claim. Under § 1983, besides alleging that he suffered a deprivation of a right guaranteed by the Constitution or U.S. law, Garmon must also allege that the deprivation "was committed by a person acting under the color of state law." *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816 (7th Cir. 2009). Garmon names Milwaukee County, the Milwaukee County Sheriff's Office, and Dukuly as defendants. None of the defendants named by Garmon can be held liable under § 1983.

Dukuly is a fellow inmate. Garmon does not allege that Dukuly was acting under the color of state law when he attacked Garmon. That means that Garmon cannot sue Dukuly under § 1983.

Regarding the Milwaukee County Sheriff's Office, § 1983 only holds "persons" liable. *Id.* The Milwaukee County Sheriff's Office is not a person, nor is it a separate legal entity that can be sued under §1983. *See Louis v. Milwaukee County Jail*, No. 17-cv-113-wed-pp, 2017 WL 3037567 at \*2 (E.D. Wis. July, 18 2017) (citing *Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 N.D. Ill. 1993)).

There are some circumstances in which Milwaukee County may be held liable under § 1983. *See Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978). In order for a municipality to be liable, the plaintiff must allege that the violation was a result of a municipal policy or custom. *Glisson v. Indiana Dep't of*

4

*Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-691 (1978)). This includes "governmental customs" that result in constitutional violations even though the "custom has not received formal approval through the body's official decision-making channels." *Id.* Garmon does not allege that his attack was a result of any policy or custom.

In the body of his complaint Garmon refers to "Correctional Officers at Milwaukee County Jail." (ECF No. 1 at 3.) However, this reference is too broad to allow the court to add these officers as defendants. The court cannot determine how many officers were involved in the events of November 18, 2020, and how they were involved. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (under §1983 an individual must be personally involved in the alleged constitutional violation).

Accordingly, the court will give Garmon the opportunity to amend his complaint by the date listed below. Garmon should provide more details about the correctional officers involved. When writing his amended complaint Garmon should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) How did each person violate his rights?; 3) Where within the facility did each person violate his rights?; and 4) When did each person violate his rights? Garmon's complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did to violate his constitutional rights.

The court notes that Garmon states in his complaint that he "asked for the COs names and badge numbers for lawsuit purposes and was denied the information." To bring a suit, Garmon does not need to know the names or badge numbers of the correctional officers. He may identify the individual officers by using labels like "John Doe # 1" or "Supervising John Doe Officer." If the amended complaint is allowed to proceed, Garmon will have an opportunity to conduct limited discovery to determine each officer's identity.

A copy of the complaint form and instructions is enclosed. Garmon should write the word "AMENDED" in front of the word "COMPLAINT" at the top of the first page, and then put the case number for this case—21-cv-277—in the field for "Case Number." He must list all of the defendants in the caption of the complaint, even if he just uses the John Doe placeholders. So, for example, if he contends that there were two correctional officers who violated his constitutional rights, and he does not know either of their names, he should refer to them as John Doe #1 and John Doe #2. He must use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, he may use up to five additional sheets of paper (putting page numbers on each additional page). The amended complaint takes the place of the prior complaint and must be complete in itself. Garmon cannot simply say, "Look at my first complaint for further information." *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).

3.  **Conclusion**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Garmon's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the complaint fails to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Garmon may file an amended complaint that complies with the instructions in this order on or before **June 11, 2021**. If Garmon files an amended complaint by that date, the court will screen the amended complaint under 28 U.S.C. § 1915A. If Garmon does not file an amended complaint by June 11, 2021, the court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Clerk's Office mail Garmon a blank prisoner complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Garmon shall collect from his institution trust account the $350 balance of the filing fee by collecting monthly payments from Garmon's prison trust account in an amount equal to 20% of the preceding month's income credited to Garmon's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Garmon is

transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Garmon is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Garmon is

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Garmon Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Garmon's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 11th day of May, 2021.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge